(114 So. 635)

No. 28709.

STATE v. COKER et al.

Oct. 31, 1927.

(Syllabus by Editorial Staff.)

1. Indictment and information ⬧110(31)—Information following statute held sufficient, although not alleging that sale of liquor was made without permit from federal authorities (Hood Bill).

Information, under Hood Bill (Act No. 39 of 1921 [Ex. Sess.]), alleging that defendant sold intoxicating liquors to wit, whisky, for beverage purposes, such sale being unlawful and in violation of statute, held to sufficiently charge an offense, even though it did not allege that sale was made without permit from federal authorities.

2. Intoxicating liquors ⬧224—Federal permit was a defense to charge of selling liquor, which it was incumbent on defendant to prove.

Where information, under Hood Bill (Act No. 39 of 1921 [Ex. Sess.]), charged sale of intoxicating liquors for beverage purposes to have been unlawful, if defendants held permit from federal authorities, it was incumbent upon them, as matter of defense, to prove that fact.

Appeal from Twenty-Sixth Judicial District Court, Parish of Bossier; Harmon C. Drew, Judge.

Lee Coker and others were convicted of selling intoxicating liquors for beverage purposes, and they appeal. Affirmed.

A. M. Wallace, of Shreveport, for appellants.

Percy Saint, Atty. Gen., and R. H. Lee, Dist. Atty., of Minden (E. R. Schowalter, of New Orleans, of counsel), for the State.

THOMPSON, J. This is an appeal from a conviction and sentence for selling intoxicating liquors for beverage purposes.

The defendants have not followed up the appeal with either an oral argument or brief.

The record presents two bills of exception, one to the denial of a new trial which is without merit, and the other to the overruling of a motion in arrest of judgment which is likewise without merit.

[1, 2] The motion in arrest of judgment alleges that the information does not charge or define any crime or offense denounced or known to the laws of Louisiana, and does not charge that the defendants sold intoxicating liquors without a permit from the United States of America.

The charge is for selling whisky, and the information follows substantially, if not literally, the words of the statute; that is to say, the information alleged that the defendants sold intoxicating liquors, to wit, whis-

ky, for beverage purposes, the said sale being unlawful and in violation of the statute.

A sale of whisky for beverage purposes is a crime well known to the laws of the state since the passage of the Hood Bill (Act. No. 39 of 1921 [Ex. Sess.]), and it is not necessary in an indictment or information under that statute to allege that the sale was made without a permit from the federal authorities. The sale was charged to have been unlawful, and, if the defendants held a permit from such federal authorities, it was incumbent upon them, as a matter of defense, to prove that fact.

The conviction and sentence are affirmed.